### FARMERS STATE BANK v. CRAWFORD.

### No. 3635.

Court of Civil Appeals of Texas. Beaumont.
March 21, 1940.

Lane & Anderson, of Center, for appellant.

E. B. Lewis, of Center, for appellee.

WALKER, Chief Justice.

This suit was filed in justice court, precinct No. 1 of Shelby county, by appellee, E. W. Crawford, against appellant, Farmers State Bank, of Center, Texas, to recover the sum of $186.88. By amendment, M. O. McDowell was made a party defendant. ' On trial in justice court and on appellant's appeal to county court, judgment was entered in favor of appellee against appellant, and in appellant's favor over against McDowell, for $186.88.

The facts are as follows: On or about the 26th day of June, 1934, McDowell sold to appellee on a cash consideration of $4,700 certain real estate, a part of which was in the city of Timpson, Shelby county; both by special agreement and by his warranty deed to appellee, McDowell was obligated to pay all delinquent taxes against this property. At the time McDowell delivered to appellee his deed and appellee paid the cash consideration, they agreed—and appellant was a party to the agreement—that McDowell should deposit with appellant the sum of $309.22, the estimated amount of delinquent taxes, to the account of Crawford and McDowell, and that appellant should hold this money in this account until the taxes were paid. The agreement did not contemplate that the taxes should be paid from this fund, nor that appellant was bound to see that this fund was applied to the payment of the taxes. The agreement was simply that appellant should hold the fund until the taxes were paid, and when they were paid to release the fund, or any balance left therein, to McDowell. Appellee testified that the $309.22 deposited to the account of Crawford and McDowell in appellant bank was a part of the purchase price of the real estate, sold to him by McDowell, paid by him to McDowell, and that he was not to receive back any part of the money under any circumstance, and that

what was left of the money after the taxes were paid, or after proper receipts and releases therefor had been obtained, belonged to and was to go to McDowell; that it was none of his concern how or with what money McDowell paid the delinquent taxes, or in what manner he satisfied the taxes; that it was agreed at the time the sale was made that McDowell should have time in which to work out and adjust the taxes, or to ascertain the correct amount of the delinquent taxes owing by him to the Timpson Independent School District and the City of Timpson. On the day the deposit was made, McDowell, by check on the fund deposited to the credit of Crawford and McDowell, paid the delinquent state and county taxes against the property sold by him to appellee in the amount of $122.34. On that day appellant transferred the balance of the fund to McDowell's personal account. Appellee has paid no delinquent taxes against the property, though he has been sued by the Timpson Independent School District and the suit is still pending, for the sum of $151.40; there was no showing that this tax was in fact due. There was no showing as to the amount of delinquent taxes assessed against the property by the City of Timpson. McDowell testified, and there was no testimony to the contrary, that he was able, ready, and willing to pay all taxes chargeable against him under his warranty.

The judgment in justice court, and on appeal in county court, was rendered on the theory that, quoting from appellee's brief: "The amount of money involved in this suit was and is the money of the plaintiff, E. W. Crawford. * * * All of the facts show that the money in this suit is the money of E. W. Crawford. * * * This amount of money, to-wit, $186.88, is deposited in the name of Crawford and McDowell and the undisputed proof shows that the amount of money belongs to E. W. Crawford." Appellee's theory of his case has no support in the record. The amount of money in controversy was in no sense the property of appellee. This money belonged to McDowell, and was left by him on deposit with appellant to secure the due performance by him of his warranty obligation to appellee.

McDowell's obligation to appellee on his warranty was in the nature of indemnity against loss, and appellant's obligation to appellee was to hold the fund in issue as security for the due execution by McDowell

of his warranty obligation. Whether or not, on the facts, appellee has a cause of action against appellant is not before us; we simply hold, on the undisputed facts, that the fund in controversy does not belong to appellee.

The judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.